**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-24282-KMM

PABLO ANDRES BETANCOURT GONZALEZ,

Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS,
*et al.*,

Respondents.
_______________________________________/

**ORDER**

THIS CAUSE came before the Court upon Petitioner Pablo Andres Betancourt Gonzalez's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus (the "Petition" or "Pet."). (ECF No. 1). The Court issued an Order to Show Cause (the "OTSC") requiring Respondents to file one consolidated memorandum of fact and law to show why the Petition should not be granted. *See generally* (ECF No. 4). Respondents filed a Response (the "Response" or "Resp."). (ECF No. 8). Petitioner did not file a reply, and the time to do so has passed. The Petition is now ripe for review. As set forth below, the Petition is DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

Petitioner, a citizen of Cuba, filed his Petition on June 15, 2026,[1] asserting violations of due process under *Zadvydas v. Davis*, 533 U.S. 678 (2001), a lack of significant likelihood of

[1] Under the prison mailbox rule, a *pro se* prisoner's filing is considered filed on the date the prisoner delivers it to prison officials for mailing. *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Unless the record shows otherwise, courts presume that the prisoner handed the filing to prison officials on the day he signed it. *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted). The Eleventh Circuit has not squarely decided whether the prison mailbox rule extends to immigration detainees, but it has indicated that the rule "is best read to apply to anyone confined in an institution, whether civilly or criminally." *Boatman v. Berreto*,

removal in the reasonably foreseeable future, and no indication that Cuba will accept him now or in the immediate future. *See* Pet. at 7. Petitioner requests any lawful relief the Court determines appropriate regarding the legality of his continued detention. *Id.* at 8. In the Response, Respondents contend that Petitioner's claims are premature under *Zadvydas*. *See generally* Resp. The Court agrees that the Petition is premature.

## II. LEGAL STANDARD

Section 1231(a) of the Immigration and Nationality Act applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period." *Id.* § 1231(a)(1)(A). Once the order of removal is finalized, the Government should do its best to execute removal during the removal period. *See Zadvydas*, 533 U.S. at 699–701; *see Cardenas v. Lyons*, No. 26-CV-21767, 2026 WL 1078969, at *2 (S.D. Fla. Apr. 21, 2026). When the Government does not timely remove an alien during that period, indefinite detention "raises serious constitutional concerns." *See Sosa v. Warden, Baker Corr. Inst.*, No. 26-cv-51-MMH-LLL, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3, 2026).

"The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation." *Id.* (citation omitted). To obtain relief from a post-removal order of detention under the *Zadvydas* framework, a petitioner must show that: (1) he has been detained for more than six months; and (2) there is no significant likelihood of

---

938 F.3d 1275, 1277 (11th Cir. 2019) (cleaned up and citation omitted). Other courts have applied the rule in this context. *See, e.g.*, *Fosu v. Garland*, 36 F.4th 634, 637 (5th Cir. 2022) (holding that "the prison mailbox rule applies to pro se detainees in immigration proceedings" (citations omitted)); *Somodevilla v. Warden, Fla. Soft Side S. Det. Facility*, No. 2:26-CV-1372-JES-NPM, 2026 WL 1379034, at *1 (M.D. Fla. May 18, 2026). Here, Petitioner signed the Petition on June 15, 2026, and the Court thus deems it filed on June 15, 2026. Pet. at 9.

removal in the reasonably foreseeable future. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam); *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (per curiam).

## III. DISCUSSION

Here, an Immigration Judge ordered Petitioner removed to Cuba on June 29, 2016. Pet. at 7; Resp. at 3. Petitioner was then released on an order of supervision on September 27, 2016. Resp. at 3. Respondents represent that this removal order is final, and Petitioner does not contend otherwise. *See id.* at 1; Pet. at 7. Petitioner's removal period therefore began many years ago. *See* 8 U.S.C. § 1231(a)(1)(B)(i); *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1314 (11th Cir. 2019) (explaining that the removal period under § 1231 "begins on the date the removal order becomes administratively final"). Petitioner was taken back into U.S. Immigration and Customs Enforcement custody on June 5, 2026. *See* Resp. at 4; (ECF No. 8-6).

When Petitioner filed the Petition on June 15, 2026, he had been in his current period of post-removal-order detention for approximately ten days after he was re-detained. Even if Petitioner's prior period of post-removal-order detention in 2016, approximately ninety days, were aggregated with his current detention, he had been detained for well under six months when he filed the Petition. Courts in this District have questioned whether separate periods of post-removal-order detention may be aggregated to satisfy the six-month requirement. *See, e.g.*, *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-CV-20226, 2026 WL 406708, at *2–3 (S.D. Fla. Feb. 13, 2026); *Barrios v. Ripa*, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025); *Torres v. Warden*, No. 26-cv-24264-BLOOM, 2026 WL 2469978, at *3–4 (S.D. Fla. Aug. 21, 2026) (adopting *Barrios* and *Flores-Reyes* and agreeing with courts that "conclud[e] that each detention resets the removal period clock under *Zadvydas*"). The Court need not resolve that question here, because under either calculation, the six-month presumptively reasonable period had not expired when

Petitioner filed the Petition. His *Zadvydas* claim is therefore premature, and that additional time has since elapsed does not change the analysis. *See Akinwale*, 287 F.3d at 1052 ("This six-month period thus must have expired at the time [petitioner's] § 2241 petition was filed in order to state a claim under *Zadvydas*."); *Luque Flores v. Warden, N. Fla. Det. Ctr.*, No. 3:26-CV-1125-MMH-LLL, 2026 WL 2561593, at *2 (M.D. Fla. Aug. 31, 2026) ("Although [petitioner] has now been detained for approximately 8 months, his *Zadvydas* claims [were] not ripe at the time he filed the [p]etition."). Accordingly, the Court finds that the Petition is premature. *See Cardenas v. Lyons*, No. 26-CV-21767, 2026 WL 1078969, at *3 (S.D. Fla. Apr. 20, 2026) (dismissing habeas petition as premature because the post-removal-order detention did not exceed six months).

## IV. CONCLUSION

UPON CONSIDERATION of the Petition, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. The stay imposed by the OTSC (ECF No. 4) prohibiting Petitioner's transfer from the District is LIFTED. The Clerk of Court is INSTRUCTED to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of October, 2026.

K. M. Moore

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record

Pablo Andres Betancourt Gonzalez
A# 025416894
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
**PRO SE**